Antoinette Dwyer
vs.
Clara Guillette, Ex'x of the Estate of John H. Guillette
}P. A. No. 1284.

December 29, 1932.

CHURCHILL, J. Heard on motion for a new trial by the appellee after verdict for the appellant.

This was a will contest, the case going to the jury on two issues:

Did John H. Guillette sign the paper offered as his last will, dated June 21, 1919?

Was the will of John H. Guillette * * * the result of undue influence exercised upon said John H. Guillette?

The jury answered both issues in the affirmative.

On the first issue no argument was made on the motion for a new trial, it being recognized by counsel for the appellant that the jury's verdict was sustained by the evidence.

John H. Guillette, who was an elderly man at the time of his death, was twice married. The appellant is a daughter by his first wife. He married his second wife, Clara, in 1917. He executed the will in question in June, 1919, and died in August, 1931. By the document produced as his will, he gave his daughter $50 and all the remainder of his property, which was largely real estate, to his wife, who was appointed executrix of his will. She died previous to the trial of this case. The will itself was drawn by a Mr. Seagrades who died previous to the trial. The daughter Antoinette lived apart from her father until 1914 and after that date lived with him until her marriage in 1927.

There was a considerable volume of testimony on her part, corroborated by the testimony of other persons, that previous to the execution of the will John H. Guillette declared that he had neglected his daughter in her younger days and that he desired to leave her all his property at his death. His intention was to leave the property to his wife for life with a remainder to his daughter.

The evidence as to whose was the dominant voice in the household is sharply conflicting. The greater number of witnesses testified that the testator was a man who directed his own affairs as he saw fit. There is testimony on the contrary that his second wife had her way in all essential matters. On the whole this point was a question for the jury to decide.

There was testimony, further, that after the death of the testator Clara said to Antoinette that she (Antoinette) was a perfect stranger to her, that she (Clara) had seen to it that Antoinette had got only a few dollars so she could make no further trouble and that it had been so arranged that she (Clara) had obtained all the property; that when the daughter reminded her of the conversations in which her father stated that he intended to leave the property to her, Clara said that if he had made a mistake, he was now dead.

To William J. Dwyer she said, after the death of her husband, that she had to look out for her own blood.

It is strongly argued that the fact that the will remained in existence from 1919 to 1931 without change is cogent evidence that it represented the real intent of the testator. This inference is somewhat weakened by the fact that after its execution it was in the actual custody of the bank where the draftsman of the will was employed; but whatever the inference, it was a question for the judgment of the jury and the Court cannot say that under the circumstances the existence of the will unaltered is sufficient to overthrow the verdict.

Taking all the circumstances together, the matter of undue influence was a fair question for a jury and the verdict cannot be said to be unjust.

*Huebel* vs. *Baldwin*, 45 R. I. 40.

The verdict is supported by sufficient testimony and the motion for a new trial is hereby denied.

For appellant: Edward F. Dwyer.

For appellee: Kennedy & Greene.